484 P.2d 353

**Anastacio TORRES, Jr., Plaintiff-Appellant,**

**v.**

**KANSAS CITY STRUCTURAL STEEL COMPANY et al., Defendants-Appellees.**

**No. 571.**

Court of Appeals of New Mexico.

April 9, 1971.

Ramon Lopez, Albuquerque, for plaintiff-appellant.

James C. Ritchie, Robert G. McCorkle, Rodey, Dickason, Sloan, Akin & Robb, Albuquerque, for defendants-appellees.

OPINION

SUTIN, Judge.

This is an appeal by Torres from an adverse judgment in a workmen's compensation case. The appeal is primarily based on alleged errors in the trial court's findings of fact and its failure to adopt Torres' requested findings of fact.

We affirm.

Torres states: The issue is: Was plaintiff disabled to any extent after seven weeks of compensation having been paid to him?

We have reviewed the record and find substantial evidence to support the trial court's findings which are a negative answer to the question. On review, we consider the evidence in the light most favorable to support the findings and determine only whether the evidence, so considered, substantially supports the findings of the trial court. Lyon v. Catron County Commissioners, 81 N.M. 120, 464 P.2d 410 (Ct.App. 1969).

Torres also complains that the trial court abused its discretion in allowing defendants to impeach their own doctor by use of the doctor's deposition. Defendants claimed that in the light of the doctor's deposition testimony, they were surprised at some of his answers on cross-examination. Defendants interrogated the doctor, on redirect, as a hostile witness. See § 21-1-1(43) (b), N.M.S.A.1953 (Repl. Vol. 4). Torres' only objection was that it was "improper redirect." The deposition was not offered in evidence. In effect, it appears that the defendants were simply refreshing the witness's recollection. There was no abuse of discretion. Compare

State v. Garcia, 57 N.M. 166, 256 P.2d 532 (1953).

■ Torres makes three other claims concerning the trial court's findings as to disability. He asserts the trial court should have found he was permanently disabled as a result of his accident. Substantial evidence, however, supports the finding of seven weeks disability. He claims the trial court erred in failing to find he had epilepsy as a natural and direct result of the accident. The doctor who testified as to the epilepsy stated that he couldn't say, with any certainty, that the epilepsy was caused by the accident. This supports the trial court's refusal to find "medical causation." See Mayfield v. Keeth Gas Company, 81 N.M. 313, 466 P.2d 879 (Ct.App.1970). He claims the trial court erred in failing to award compensation for facial disfigurement. See § 59-10-18.5, N.M.S.A.1953 (Repl. Vol 9, pt. 2, Supp.1969). This claim is based on the fact that Torres lost four teeth in the accident. There is no evidence, however, that there was any facial disfigurement resulting from the loss of teeth.

■ Torres further claims error for failure of the trial court to award medical and hospital expenses incurred by Torres after February 15, 1969. However, the trial court found that defendants had paid for the medical care and services rendered to plaintiff as a result of the accident. Substantial evidence supports this finding. It concluded that the expenses involved under this point did not result from medical care or treatment required or needed as a result of the accident. Since the expenses here involved were not reasonably necessary as a result of Torres' accident, he was not entitled to recover them from defendants. Williams v. City of Gallup, 77 N.M. 286, 421 P.2d 804 (1966).

The judgment of the court below is affirmed.

It is so ordered.

WOOD and HENDLEY, JJ., concur.